# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| GEORGIA WARD, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) Case number 4:05cv1370 TCM |
| MILLENNIUM HOTEL, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Pending before the Court in this personal injury action is a motion by plaintiff, Georgia Ward, to remand her case to the Circuit Court for the Twenty-Second Circuit, Missouri. [Doc. 7] Plaintiff filed her case in that court. Defendant, Millennium Hotel, a Delaware corporation with its principal place of business in Colorado, removed it to this Court on diversity grounds. See 28 U.S.C. § 1332. In an affidavit files subsequent to her motion to remand, Plaintiff's attorney stipulates that the amount of damages sought "is not and will not be" in excess of $74,999.99.

A civil action filed in a state court can be removed to the proper district court if the district courts have original jurisdiction of the action. 28 U.S.C. § 1441(a). In all civil actions between citizens of different states, original jurisdiction lies within the federal district court if the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a)(1). If federal jurisdiction is invoked pursuant to the removal statute, 28 U.S.C. § 1441, any doubts about the propriety of that removal are to be resolved in favor of remand. **Transit Cas. Co. v.**

**Certain Underwriters at Lloyd's of London**, 119 F.3d 619, 625 (8th Cir. 1997); **In re Business Men's Assurance Co. of America**, 992 F.2d 181, 183 (8th Cir.1993) (per curiam).

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand is **GRANTED**. [Doc. 7]

**IT IS FURTHER ORDERED** that the Clerk of Court is to remand this case to the Circuit Court for the Twenty-Second Judicial Circuit of the State of Missouri for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 28th day of September, 2005